## IN THE

# SUPREME COURT

### OF

# PENNSYLVANIA.

## Middle District. June Term, 1810.

BARLOW *against* THE COMMONWEALTH.

IN ERROR.

1810.

*Sunbury,*
*Wednesday,*
June 6.

THE plaintiff in error was convicted in the sessions of *Luzerne* county of a perjury, for which he was sentenced by the judgment of that court, in *November* 1806, to pay a fine of ten dollars, *to be imprisoned at hard labour in the penitentiary house of Philadelphia for two years*, and to pay the costs.

*Dyer* for the plaintiff in error argued that the judgment was erroneous, because the court had no authority to direct the imprisonment at hard labour, to be in the penitentiary of *Philadelphia*. The act of 3d *April* 1804, under which the defendant below was indicted, inflicts a fine, and imprisonment at hard labour during any term not exceeding seven years, at the discretion of the court before whom the conviction shall be had; 6 *St. Laws* 513; but it says nothing of the place of imprisonment, which of course must be in the proper county.

*Hepburn* for the commonwealth cited the acts of 5th *April* 1790, 2 *St. Laws* 801, 21st *March* 1806, 7 *St. Laws* 570, and 4th *April* 1807, 8 *St. Laws* 134, and argued in support of the judgment under their various provisions.

*Prior to the act of 4th April 1807, no person convicted of perjury in any of the counties in this state, except the county of Philadelphia, could be sentenced to imprisonment in the gaol of the county of Philadelphia.*

VOL. III.                    A

BARLOW
*v.*
COMMON-
WEALTH.

TILGHMAN C. J. delivered the Court's opinion.

This is an indictment for perjury. Barlow was convicted in the court of Quarter Sessions of *Luzerne* county, and judgment was given in *November* 1806, that he should be imprisoned at hard labour, &c. for two years in the gaol of the county of *Philadelphia*, and pay a fine of ten dollars. The error assigned is, in that part of the judgment which directs the imprisonment to be in the county of *Philadelphia*.

By the 4th section of the act of 5th *April* 1790, intitled "An act to reform the penal laws of this state," every person convicted of an offence, for which by the laws in force before the act intitled "An act to amend the penal laws of "this state," burning in the hand, cutting off the ears, nailing the ear or ears to the pillory, placing in and upon the pillory, whipping or imprisonment for life may be inflicted, shall, instead of such parts of the punishment, be confined and kept at hard labour, &c. for any term not exceeding two years at the discretion of the court. This general description includes the crime of perjury. By the 28th section of the same act, the malefactors sentenced to hard labour in the several counties of this state, other than the county of *Philadelphia*, shall be employed in the several gaols and workhouses of the respective counties in which they were convicted; but by the 34th section of the same act, any felon convicted in any county, other than the county of *Philadelphia*, of any *felony*, for which he shall be sentenced to hard labour for the space of twelve months or upwards, may, at the discretion of the court before whom he shall be convicted, within three months after such conviction be removed to the gaol in the county of *Philadelphia*, and therein be confined at hard labour, &c.

By the act of 21st *March* 1806, the court before whom any person is convicted of *felony* or *larceny*, and sentenced to undergo imprisonment at hard labour, &c. for any term not exceeding three years, may direct the imprisonment, &c. to be in the gaol of any county within the commonwealth, or in the gaol and penitentiary of *Philadelphia*.

By the act of 3d *April* 1804, a person convicted of per-

jury, may be punished by imprisonment at hard labour, &c. for any term not exceeding seven years, at the discretion of the court before whom he was convicted.

From the above review of the several acts of assembly on this subject, it appears, that a person convicted out of the county of *Philadelphia*, of any offence, other than felony or larceny, could not be sentenced to imprisonment, &c. in the gaol of the county of *Philadelphia*. An alteration has been made by the act of 4th *April* 1807, which can have no effect on this case, being subsequent to the judgment. The Court are therefore of opinion, that the judgment of the court of General Quarter Sessions, for the county of *Luzerne*, was erroneous, and must be reversed.

Judgment reversed.